IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHRISTOPHER CARLSON, *individually and on behalf of all others similarly situated*,

Plaintiff,

vs.

UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY,

Defendants.

CASE NO. 4:15-cv-6 (CDL)

O R D E R

Plaintiff Christopher Carlson was insured under an automobile insurance policy issued by Defendants United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company (collectively, "USAA"). Carlson alleges that after his 2013 Toyota Prius V was damaged due to a flood in 2013, USAA paid to have the car repaired but denied Carlson's request for diminution in value. Carlson claims that he was entitled to $9,750 for diminution in value under his insurance policy. Carlson filed this action in the Muscogee County Superior Court, seeking to represent a class of Georgia USAA insureds who suffered a non-total loss due to water damage and did not receive a payment for diminution in value. USAA removed the action to this Court under the Class Action Fairness

Act of 2005. Carlson now asks the Court to remand this action to the state court. As discussed below, USAA did not prove by a preponderance of the evidence that the amount in controversy requirement is met, so Carlson's Motion to Remand (ECF No. 3) is granted, and this action is remanded to the Superior Court of Muscogee County, Georgia.

DISCUSSION

Under the Class Action Fairness Act, this Court has original jurisdiction over class actions where the putative plaintiff class has at least 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B). Carlson does not dispute that the first two requirements are met. He does, however, contend that the Court cannot exercise jurisdiction over this matter because the amount in controversy requirement is not met.

In determining whether the amount in controversy exceeds $5 million, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). Where the plaintiff contests the defendant's amount in controversy, the defendant must prove "by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). The Court "may rely on evidence put forward by the removing defendant, as

well as reasonable inferences and deductions drawn from that evidence." *Id.* (internal quotation marks omitted).

In his Complaint, Carlson alleged: "Under no circumstances would the total amount of relief, including both equitable relief and monetary damages, exceed $5,000,000.00 in the aggregate for the class." Compl. ¶ 8, ECF No. 1-1. Carlson argues that the Court should consider this limitation and find that the amount in controversy requirement is not met. But the United States Supreme Court squarely rejected that argument in *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013). In fact, the Supreme Court instructed district courts to ignore such limitation provisions in evaluating the amount in controversy. *Id.* at 1350. The Court therefore ignores the limitation provision.

Carlson contends that even if the Court cannot consider his limitation provision, the action should be remanded because USAA did not prove by a preponderance of the evidence that the amount in controversy requirement is met. The Court agrees. While USAA presented evidence that more than 900 policyholders experienced a non-total loss caused by water damage during the relevant time period, Bush Aff. ¶¶ 4-5, ECF No. 6-1, USAA did not point to any evidence of the amount of potential diminution in value claims for these policyholders. In *Dudley*, the Eleventh Circuit affirmed a district court's decision to remand

in spite of much more specific evidence regarding the value of the potential plaintiffs' claims. There, the plaintiff sought to represent a class of former employees who did not receive one or more types of incentive payments. The employer submitted an affidavit explaining (1) how many employees were eligible to receive each type of incentive payment and (2) a range of potential incentive payment amounts. *Dudley*, 778 F.3d at 915. But the employer did not "establish even generally the dollar amounts that each of the [employees] may have been denied in payment incentives." *Id.* at 916. "Thus, it was impossible for the district court to ascertain with any degree of confidence how many class members were denied which payments." *Id.* And even though the employer provided "midpoint" numbers for each range of possible incentive payments, the employer "provided the district court with no way of judging whether these 'midpoint' numbers are realistic." *Id.*; *see also Porter v. MetroPCS Commc'ns, Inc.*, 592 F. App'x 780, 783 (2014) (per curiam) (rejecting the defendant's argument that the district court should have considered its entire revenue stream in determining the amount in controversy for the potential plaintiff class's rescission claim: "Without any breakdown of MetroPCS's revenue, the district court would have to engage in hopeless speculation in assessing what amount may be subject to rescission; this it cannot do.")

Here, USAA did not point to any evidence of the amount of the potential diminution in value claims of its 900 policyholders who experienced non-total losses caused by water damage during the relevant time period. For example, USAA did not point to any evidence that it had evaluated the potential diminution claims based on each potential plaintiff's vehicle make, model, and model year. Instead, USAA asks the Court to extrapolate the value of *all* potential claims based solely on Carlson's allegation that his diminution in value claim is worth $9,750. But it would be sheer speculation to assume that all the diminution claims are worth $9,750. Carlson's diminution in value claim is based on the fact that his nearly new Prius was flooded. The Court cannot just assume that every potential class member had a new car that was worth as much as or more than Carlson's Prius or that the extent of the water damage to each car was the same.

USAA's theory for determining the amount in controversy is particularly problematic given that USAA could likely point to an alternative, less speculative way to determine the amount in controversy. For example, uniform formulas have been used in other diminution in value cases. While these formulas may not definitively establish diminution damages, they likely would lead to a less speculative estimate of the amount in controversy than the approach taken here by USAA. But USAA did not proffer

a uniform formula for evaluating the claims and did not make any calculations based on Plaintiff-specific information that should be within USAA's control. Instead, the Court is left with USAA's speculative suggestion that the dollar amount of each potential claimant's claim is the same. Federal jurisdiction cannot be based on such speculation.

CONCLUSION

For the reasons explained in this order and based on the rationale articulated in *Dudley*, the Court concludes that USAA failed to carry its burden of establishing that the amount in controversy exceeds $5 million. Carlson's Motion to Remand (ECF No. 3) is therefore granted, and this action is remanded to the Superior Court of Muscogee County, Georgia.

IT IS SO ORDERED, this 30th day of March, 2015.

S/Clay D. Land

CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA